# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN TRICE, # K-73276,

        Plaintiff,

        vs.                          Case No. 17-cv-1345-DRH

C/O HESS,
BART LIN,
and NURSE ANGEL,

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff was incarcerated at Lincoln Correctional Center ("Lincoln"), at the time he brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He has since been released. (Docs. 9, 11). His claims arose while he was confined at Pinckneyville Correctional Center ("Pinckneyville"), where he was the victim of an attack by his cellmate. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an

1

objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

After fully considering the allegations in Plaintiff's complaint, the Court concludes that one of Plaintiff's claims survives threshold review.

## The Complaint

Plaintiff's brief statement of claim is as follows:

On or about 12/5/15 while I was [a]sleep the cellmate IM-Torress started beating me in my face/ The C/Os working the shift didn't make no routine rounds [sic] to check on inmates sleeping. I was beaten so bad my entire face was swollen. The Administration Authorities tried concealing the matter. I'm still having problems with my eyes and extreme headaches daily. I went to health care and they took me to the outside hospital because of the seriousness of my injuries. I shouldn't have had to experience this type of brutality in prison.

(Doc. 1, p. 5).

Plaintiff describes Defendant Hess as the C/O on duty at the time he was beaten. (Doc. 1, p. 1). Lin was the Internal Affairs Officer who investigated the incident, and Nurse Angel documented Plaintiff's injuries. (Doc. 1, p. 2).

In an attached grievance, Plaintiff states that the cellmate began beating him "without notice," punching and choking him for maybe half an hour or more. (Doc. 1, p. 10). Officers were supposed to make rounds every 15 to 30 minutes. *Id.* This grievance indicates that the pain relief medication prescribed for Plaintiff was delayed, and that he may not have received medical care to address the visual impairment that resulted from the beating. (Doc. 1, p. 11). Plaintiff further states in the grievance that he had brought his safety concerns to the attention of Hess on numerous occasions. *Id.* Two weeks prior to the beating, he told Hess that the cellmate had said that he "wanted to hurt someone anyone [sic] so that he can be transferred to maximum security." *Id.* Hess responded that his "hands w[ere] tied" but he would try to get the cellmate moved. *Id.*

Plaintiff seeks compensatory damages for his pain and suffering. (Doc. 1, p. 6).

## Merits Review Pursuant to 28 U.S.C. § 1915A

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Eighth Amendment claim against Hess and Lin, for failing to protect Plaintiff from the December 5, 2015, attack by his cellmate;

> **Count 2:** Eighth Amendment claim against Nurse Angel for deliberate indifference to Plaintiff's need for medical treatment following the December 5, 2015, attack.

Count 1 shall proceed for further consideration against Hess. Count 2 and the remaining Defendants shall be dismissed without prejudice.

### Count 1 – Failure to Protect

In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). However, not every harm caused by another inmate translates into constitutional liability for the corrections officers responsible for the prisoner's safety. *Farmer*, 511 U.S. at 834. In order for a plaintiff to succeed on a claim for failure to protect, he must show that he is

incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger.  *Id*.; *Pinkston*, 440 F.3d at 889.  A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety.  *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996).  In other words, Defendants had to know that there was a substantial risk that those who attacked Plaintiff would do so, yet failed to take any action.  *See Sanville v. McCaughtry*, 266 F.3d 724, 733-34 (7th Cir. 2001).  Notably, conduct that amounts to negligence or inadvertence is not enough to state a claim.  *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

The alleged failure to conduct periodic cell checks during the time Plaintiff was attacked indicates possible negligence on the part of the correctional officer(s) on duty, but negligence does not amount to a constitutional violation.  However, because Plaintiff included his grievances with the Complaint, the Court shall liberally construe his *pro se* pleading to encompass the relevant allegations in those documents.  (Doc. 1, pp. 10-11).  According to Plaintiff's statement in his December 5, 2015, grievance, he reported his cellmate's threat to Hess approximately 2 weeks before the attack happened, and raised safety concerns about the cellmate on other occasions.  Despite this advance warning, Hess failed to take any action to protect Plaintiff, such as moving him or the cellmate to another location.  At this early stage of the case, these allegations state a

5

cognizable Eighth Amendment claim against Hess.

Officer Lin, however, shall be dismissed from this claim. Plaintiff does not allege that Lin had any advance knowledge of the cellmate's threats. Without such knowledge, it cannot be said that Lin was deliberately indifferent to the threat of harm Plaintiff faced from his cellmate. Plaintiff merely states that Lin investigated the matter, and somebody from Internal Affairs (presumably Lin) took photographs of Plaintiff's injuries after the attack happened. (Doc. 1, pp. 2, 11). Those actions, taken after the attack was over, are not sufficient to impose liability on Lin for failure to protect Plaintiff from the attack in the first place. Lin shall therefore be dismissed from the action without prejudice.

**Count 1** shall proceed only against Hess.

### Dismissal of Count 2 – Deliberate Indifference to Medical Needs

In order to state a claim for deliberate indifference to a serious medical need, an inmate must show that he (1) suffered from an objectively serious medical condition; and (2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. An objectively serious condition includes an ailment that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's description of his injuries suffered in the attack demonstrates that he had an objectively serious need for treatment. However, the Complaint fails to show that any Defendant was deliberately indifferent to Plaintiff's condition.

"Deliberate indifference is proven by demonstrating that a prison official knows of a substantial risk of harm to an inmate and either acts or fails to act in disregard of that risk. Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). *See also Farmer v. Brennan*, 511 U.S. 825, 842 (1994); *Perez v. Fenoglio*, 792 F.3d 768, 777-78 (7th Cir. 2015). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Further, a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

Plaintiff states that he was taken to an outside hospital for treatment, indicating that he received appropriate care, at least initially. (Doc. 1, p. 5). Nurse Angel was on duty when he was attacked, and documented his injuries. (Doc. 1, p. 2). Plaintiff includes no further allegations against her. These facts do not indicate any deliberate indifference on the part of Nurse Angel.

Plaintiff further states that there was a 4-day delay in providing him with pain medication. (Doc. 1, p. 11). That delay may support a deliberate indifference claim, but Plaintiff fails to identify any person who was allegedly responsible for this problem. He also complains that he continues to suffer from

vision problems and headaches. (Doc. 1, pp. 5, 11). This suggests that Plaintiff may not have received appropriate follow-up treatment, but this is not enough to sustain a claim for deliberate indifference. In order to pursue such a claim, Plaintiff must identify the official(s) who were allegedly responsible for failing to properly treat him, and must explain what they knew about his condition, and what they did or failed to do in response.

The Complaint does not contain factual allegations to support a claim for deliberate indifference to Plaintiff's serious medical needs. Therefore, **Count 2** and Nurse Angel shall be dismissed from the action without prejudice at this time.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 2) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

**COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **LIN** and **NURSE ANGEL** are **DISMISSED** from this action without prejudice.

As to **COUNT 1**, the Clerk of Court shall prepare for Defendant **HESS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days

from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 2).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **REMINDED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.02.28
16:03:19 -06'00'

**United States District Judge**