IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN TRICE,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>DAVID HESS,<br><br>　　　　　Defendant. | Case No. 3:17-CV-01345-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for an Offer of Proof by Defendant David Hess (Doc. 77), Motions in Limine by Hess (Doc. 78), and Motions in Limine by Plaintiff John Trice (Doc. 79). For the reasons set forth below, the Court grants the motions.

**I.      Motion for an Offer of Proof**

On March 3, 2021, Trice filed a motion to bar the testimony of certain witnesses not timely disclosed by Hess under Federal Rule of Civil Procedure 26(a)(3) (Doc. 72). The undersigned granted the motion in part and barred the testimony of proposed witnesses Torres and Baker (Doc. 75). Hess now moves for the Court to allow him to present testimony of these individuals in an offer of proof pursuant to Federal Rule of Evidence 103.

Federal Rule of Evidence 103 states that a party may only appeal a ruling excluding evidence where that party informs the Court of the substance of the evidence through an offer of proof, unless the substance is clear from context. The Seventh Circuit has further

reiterated that an offer of proof is critical to preserving an issue for appeal and further "gives the trial judge the information he or she needs to make an informed ruling." *Wilson v. City of Chicago*, 758 F.3d 875, 885 (7th Cir. 2014).

Here, Hess is clearly entitled to preserve for appeal the Court's denial of his effort to admit testimony of undisclosed witnesses. Accordingly, the Court grants his Motion for an Offer of Proof.

## II.     Hess's Motions in Limine

Hess has filed several Motions in Limine, seeking in advance to bar Trice from presenting certain categories of evidence that Hess argues are inadmissible.

### (1)    *Causation of Medical or Mental Health Injuries*

Hess seeks to bar Trice from eliciting inadmissible testimony as to the causation of any alleged medical or mental health conditions, arguing that expert testimony would be necessary explain the relationship between Trice's injuries and that actions at issue in this case. Federal Rule of Evidence 701 makes clear that a non-expert may not present expert testimony, and the Seventh Circuit has expressed that expert medical testimony is typically called for in asserting a causal connection between particular medical conditions and events. *Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001).

The Federal Rules of Evidence and the law of the Seventh Circuit make clear that absent an expert witness, Trice may not seek to introduce testimony as to the causation of his medical and mental health conditions. Accordingly, the Court grants the Motion in Limine.

*(2)   Hearsay Statements by Medical and Mental Health Professionals*

Hess seeks to bar the admission of out-of-court statements by medical and mental health professionals not contained in admissible medical records. Generally, absent an exception, out-of-court statements are inadmissible as hearsay. To the extent that statements were made by medical professionals to Trice that were not contained within admissible documents or otherwise subject to exceptions to the hearsay rule, they should not be admitted; thus, the Court grants the Motion in Limine.

*(3)   Evidence of Indemnification*

Hess seeks to bar Trice from suggesting that the State of Illinois will indemnify him. The Seventh Circuit has ruled in similar cases that a jury should not be permitted to hear that a defendant may be indemnified, and that a defendant similarly should not suggest that je may be personally liable when the is subject to indemnification. *Lawson v. Trowbridge*, 153 F.3d 368, 379 (7th Cir. 1998). Accordingly, the Court grants the Motion in Limine, barring either party from suggesting to the jury that Hess either will be indemnified or that he may be personally liable.

*(4)   Character Evidence*

Hess requests that the Court bar reference to or inquiries about other lawsuits involving himself, as well as evidence of any previous misconduct, inquiries, reprimands, or grievances connected to him. Hess argues that such evidence would be irrelevant, prejudicial, and inadmissible character evidence. In certain situations, character evidence may be admissible. *See* FED. R. EVID. 404(b)(2). Here, however, there is no indication that an exception to the general prohibition on such evidence would apply, and any such

evidence seems likely to be prejudicial given that Hess works as a correctional officer and is in contact with a highly litigious subset of the population. Accordingly, the Court grants the Motion in Limine.

(5) "Golden Rule" Appeals

Hess requests the Court bar any "Golden Rule" appeal, *i.e.*, any suggestion that the jurors imagine themselves in Trice's position. The Seventh Circuit has suggested that such appeals are improper because they encourage "the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989). Accordingly, the Court grants the Motion in Limine.

(6) Trice's Grievances

Hess further asks that Trice be barred from introducing his own grievances to suggest the truth of matters asserted in them. Indeed, exceptions to the hearsay rule do not permit a plaintiff to introduce his own prior statements to assert the truth of the information that they contain. *See* FED. R. EVID. 803, 804. Accordingly, the Motion in Limine is granted. To the extent that Hess uses Trice's grievances to impeach his testimony, Trice may refer to the grievances as evidence of prior consistent statements.

(7) Torres's Disciplinary History

Hess seeks to bar references to the disciplinary history of Trice's former cellmate, Torres. As discussed, character evidence is generally inadmissible, absent one of the narrowly defined exceptions discussed in Federal Rule of Evidence 404. Here, Torres's disciplinary history could still be admissible if used to show motive, opportunity, intent,

preparation, plan, knowledge, identity, absence of mistake, or lack of accident. FED. R. EVID. 404(b)(2). This action turns on the conduct of Hess, however, not Torres, and the Court is inclined to take the view that information on prior incidents involving Torres is not particularly relevant and likely to prove prejudicial. Accordingly, the Motion in Limine is granted.

### III.   Trice's Motions in Limine

Trice also has filed several Motions in Limine, seeking in advance to bar Hess from presenting the following categories of evidence.

*(1)   Undisclosed Evidence*

The Court has already ruled on Trice's Motion to Bar, but Trice asserts that in addition to the witnesses addressed in that Motion, Hess also has proposed to introduce certain documents, namely an "Offender Disciplinary Report," which was not included in previous disclosures under Federal Rule of Civil Procedure 26(a)(1). Indeed, Rule 26(a)(1)(A)(ii) requires the disclosure of all documents that a party may use "to support its claims or defenses, unless the use would be solely for impeachment[.]" This duty to disclose is continuing in nature. FED. R. CIV. P. 26(e). If a party fails to disclose information, it may not use that information at trial unless the failure was substantially justified or harmless. FED R. CIV. P. 37(c)(1). Here, there is no indication that the failure to amend Hess's Rule 26(a)(1) disclosure was justified, nor can the Court confidently state that admission of the document would be harmless. Accordingly, the document may be used solely for impeachment. The Motion in Limine is granted.

*(2) Improper Bolstering*

Trice suggests that Hess may seek to bolster his own character with testimony related to awards and commendations, and he asks that such testimony be excluded. In general, bolstering testimony is inadmissible unless used to rebut an attack on character. *E.g.*, FED. R. EVID. 608; *United States v. Scott*, 267 F.3d 729, 734-35 (7th Cir. 2001). Accordingly, the Motion in Limine is granted, and Hess may not introduce bolstering testimony unless in response to some specific attack on his credibility.

*(3) Attorney's Fees*

Trice has asked the Court to bar as irrelevant any reference to the circumstances under which Trice's attorney was employed, or the fees or the contingent contract under which his attorney have been retained. Indeed, these matters do not appear to have any bearing on the action, and thus the Motion in Limine is granted.

*(4) Excluding Non-Party Witnesses*

Trice moves to bar non-party witnesses from the courtroom during the testimony of other witnesses. Federal Rule of Evidence 615 authorizes the Court to exclude non-party from hearing other witnesses' testimony. As the limited exceptions to that rule do not appear applicable here, the Motion in Limine is granted. All counsel will be responsible for ensuring that this rule is enforced.

*(5) Character Evidence*

Trice moves to bar the admission of any evidence related to his prior arrests, convictions, and incidents on his disciplinary record, arguing that such evidence would be irrelevant and prejudicial. The Court concurs that such evidence not related to this

action and would likely be prejudicial. Furthermore, it would likely constitute inadmissible character evidence. Accordingly, the Motion in Limine is granted.

*(6)   Collateral Payment of Medical Records*

Trice asks the Court to exclude any evidence or reference to a collateral source of payments for the medical bills arising from the injuries at issue in this action. Indeed, the issue of whether or not Trice's medical bills were paid and by whom is not relevant to the outcome of this action. Accordingly, the Motion in Limine is granted.

For the reasons set forth above, the Court **GRANTS** Hess's Motion for an Offer of Proof (Doc. 77) and Motions in Limine (Doc. 78), and **GRANTS** Trice's Motions in Limine (Doc. 79).

**IT IS SO ORDERED.**

DATED:   March 15, 2021

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**